O

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. BEATTY, ) | Case No. EDCV 07-1460-VAP (OPx) |
| Petitioner, ) | |
| v. ) | **[Motion filed on April 24, 2008]** |
| UNITED STATES OF AMERICA, and INTERNAL REVENUE SERVICE, ) | **ORDER GRANTING MOTION TO DISMISS** |
| Respondents. ) | |
| _____ ) | |

The Court has received and considered all papers filed in support of Respondent's Motion to Dismiss.  The Motion is appropriate for resolution without oral argument.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons set forth below, the Motion is GRANTED.

### I. BACKGROUND

Petitioner Kenneth E. Beatty ("Petitioner") filed an "Amended Petition to Quash Numerous Internal Revenue Service Third Party Summonses" ("Pet.") on January 18, 2008.  Petitioner named the United States of America, the

Internal Revenue Service ("IRS"), IRS Special Agent Marla King and IRS Special Agent Wesley Jones as respondents. Petitioner seeks an order quashing summonses pertaining to his finances and tax liability served by the IRS on third-party record keepers.

The Government filed a "Motion to Dismiss Amended Petition to Quash Internal Revenue Service Third Party Summonses for Lack of Subject Matter Jurisdiction" ("Mot.") in response on April 24, 2008.

## II. LEGAL STANDARD

A summons for third-party records served on a third-party record keeper is valid when the person being investigated is identified in the summons and is given notice of the summons. 26 U.S.C. § 7609(a). To quash, any person "entitled to notice of a summons" must file a request "not later than the 20th day after the day" notice of the summons is had. 26 U.S.C. § 7609(b)(2)(A).

The "twenty-day filing requirement of § 7609(b)(2)(A)" controls a district court's jurisdiction and "must be strictly construed because it is a condition precedent to waiver of sovereign immunity." Ponsford v. U.S., 771 F.2d 1305, 1309 (9th Cir. 1985). The Ponsford court dismissed plaintiff's untimely request to quash summons for lack of standing. Id. at 1308-09.

1    Additionally, jurisdiction is limited to the "United

2    States district court for the district within which the

3    person to be summoned resides or is found." Fortney v.

4    U.S., 59 F.3d 117, 119 (9th Cir. 1995) (citing 26 U.S.C.

5    § 7609(h)(1)) ("Because the California Bank neither

6    resides nor is found within the jurisdiction of the

7    Nevada District Court, the district court correctly

8    dismissed [plaintiff's petition].").

9

10    Third-party records are defined as records

11    "containing data about transactions between the taxpayer

12    and parties other than the summoned party." Rapp v.

13    C.I.R., 774 F.2d 932, 934 (9th Cir. 1985).  In Rapp,

14    records pertaining to "[plaintiff's] employment and

15    transactions between [plaintiff] and the summoned

16    parties" were not third-party records.  Id. (citing

17    United States v. Exxon Co. U.S.A., 450 F. Supp. 472, 476-

18    77 (D. Md. 1978) (records of contractual relations

19    between taxpayer and summoned corporation are not subject

20    to the notice requirement of section 7609)).

21

22    An employee "lacks standing to quash [a summons on an

23    employer]" because an employer "is not a third party

24    recordkeeper" and employment records are "not the type of

25    records contemplated" in this statute.  Ponsford, 771

26    F.2d 1305, 1308-09 (9th Cir. 1985).

27    ///

28

1

### III. DISCUSSION

2      Petition concerns a total of nineteen summonses
3  served on eighteen parties.  (Pet. ¶ 4-5.)   IRS Special
4  Agent King issued seven summonses ("King Summonses"): (1)
5  Power One Credit Union on October 16, 2007; (2) Sun
6  Technical Services on October 16 or 18, 2007; (3) G.D.
7  Barri and Associates on October 18, 2007; (4) and (5)
8  Washington Mutual on October 23, 2007 and November 30,
9  2007; (6) J.P. Morgan Chase Bank on November 16, 2007;
10  and (7) Chase Bank, USA N.A. on January 7, 2008. (Pet. ¶
11  4-5; Mot. at 7.)

12

13      IRS Special Agent Jones issued twelve summonses
14  ("Jones Summonses") in November 2007: (1) L&N Federal
15  Credit Union; (2) Laurel National Bank; (3) National City
16  Bank; (4) New Holland Credit Company; (5) Nissan Motor
17  Acceptance Corporation (NMAC); (6) Union Planters
18  Mortgage; (7) Ford Motor Credit Union; (8) Ameriquest
19  Mortgage Corporation; (9) Fidelity & Guarantee Life
20  Insurance; (10) Janney Montgomery Scott, LLC; (11) Net
21  Bank; and (12) Pershing, LLC. (Pet. ¶ 4-5; Mot. at 9.)

22

23      Petitioner makes a number of contentions to support
24  quashing all summonses.  First, he argues the summonses
25  to Washington Mutual and Power One Credit Union are
26  "overly broad," contain an "identical attachment," and
27  request "every kind of conceivable document pertaining to

28

1    Petitioner that such institutions could have."  (Pet. ¶
2    7.)

3

4         Second, summonses to G.D. Barri and Associates and
5    Sun Technical Services are improper because these parties
6    do not fall within the definition of "third party record
7    keepers."  (Pet. ¶ 8.)   Third, the summonses violate 26
8    U.S.C. § 6065 by not being "verified by a written
9    declaration," violate 26 U.S.C. § 7603 by not being
10   "attested," and also violate 26 U.S.C. §§ 3403, 3405, the
11   Right to Financial Privacy Act. (Pet. ¶ 10-12.)

12

13        Fourth, IRS Special Agent King and IRS Special Agent
14   Jones acted in bad faith by serving "overly broad" and
15   "not attested" summonses to "record custodians that did
16   not even fit the definition of a 'third party records
17   keeper.'"  (Pet. ¶ 13.)   Fifth, Special Agent Jones's
18   "[use of] civil process to conduct a criminal
19   investigation [is evidence of] further bad faith."  (Pet.
20   ¶ 13.)   Lastly, Petitioner contends that even if "the
21   'summonses' were valid," they should be quashed for not
22   complying "with three of the four prongs of the standard"
23   in United States v. Powell, 379 U.S. 48 (1964).  (Pet. ¶
24   14.)
25   ///
26   ///
27   ///
28

1    The Government responds that this Court lacks
2  jurisdiction over the nineteen summonses for lack of
3  timeliness, standing, and residence.[1]

4

5  **A.   Jones Summonses**

6    The Government argues that Petitioner may not quash
7  the Jones Summonses because he lacks standing to quash.
8  (Mot. at 18.)  Under 26 U.S.C. § 7609(b)(2)(A), only a
9  person "entitled to notice of a summons" has standing to
10 quash a summons, and Petitioner was not entitled to
11 notice of the Jones Summonses.

12

13   IRS Special Agent Jones works in Nashville, Tennessee
14 and never investigated or heard of Petitioner.  (Mot. at
15 52.)  Petitioner claims that the Jones Summonses pertain
16 to documents about Petitioner, but the summonses did not
17 concern Petitioner or any documents about Petitioner.
18 (Pet. ¶ 7.)  Thus, the Court dismisses Petitioner's
19 request to quash the Jones Summonses for lack of standing
20 under 26 U.S.C. § 7609(b)(2)(A).

21

22

23

24 _____

        [1] The Government also correctly contends that IRS
25 Special Agents Jones and King are not proper respondents
   in Petition.  (Mot. at 16.)  Both IRS Special Agents
26 acted in their official capacity, and a claim "against a
   federal officer in his official capacity is barred by the
27 doctrine of sovereign immunity."  Olivia v. U.S., 221
   F.R.D. 540, 543 (D. Haw. 2003); See Gilbert v. DaGrossa,
28 756 F.2d 1455, 1458 (9th Cir. 1985).

1  **B.   Third-Party Employers**

2       Petitioner requests that the Court quash the October

3  2007 summonses on G. D. Barri and Associates and Sun

4  Technical Services because both parties are not "third

5  party record keepers, as per the provisions of the

6  Internal Revenue Code."  (Pet. ¶ 8.)  The Government

7  agrees that neither party was a third-party record

8  keeper, but argues that this is why Petition should be

9  dismissed.  (Mot. at 21.)

10

11       An employer "is not a third party recordkeeper" and

12  "records involving contractual relations between taxpayer

13  and summoned corporation are not subject to the notice

14  requirement of section 7609." Ponsford, 771 F.2d at

15  1308; Rapp, 774 F.2d at 934.  Petitioner "had an

16  employer-employee relationship [with], or received

17  compensation during the Subject Years" from, both Sun

18  Technical Services and G.D. Barri and Associates.  (Mot.

19  at 21.)  Because of this relationship, the summoned

20  parties' records are not "third-party records" under 26

21  U.S.C. § 7603, and Petitioner lacks standing to quash.

22  The Court denies Petitioner's request to quash these

23  summonses.

24

25  **C.   Residence**

26       The Government contends that this court lacks

27  jurisdiction over the summonses on Sun Technical

28

1  Services, G.D. Barri and Associates, Power One Credit
2  Union, and Chase Bank, USA N.A. (Mot. at 19.)
3  Jurisdiction over a request to quash is had only by the
4  "United States district court for the district within
5  which the [party] to be summoned resides or is found."
6  Fortney, 59 F.3d at 119.

7

8      The Government states that these third-parties lack a
9  branch office in the Central District of California.
10  (Mot. at 19.)  Petitioner "seeking to invoke the court's
11  jurisdiction bears the burden of establishing that
12  jurisdiction exists."  Scott v. Breeland, 792 F.2d 925,
13  927 (9th Cir. 1986).  Petitioner fails to demonstrate
14  this court has jurisdiction or "to come forward with
15  facts by affidavit or otherwise" in response to the
16  Government's motion. Id.  The Court therefore denies
17  Petitioner's request to quash these summonses.

18

19  **D.   Timeliness**

20      The Government argues that Petitioner's request to
21  quash the J.P. Morgan Chase Bank and November 30, 2007
22  Washington Mutual summonses should be denied as
23  untimely.[2]  (Mot. at 17-18.)  The jurisdictional
24  requirement that a request to quash must be made "not
25  later than the 20th day after the day" notice of the

26      [2] The Government also contends that the Jones
27  Summonses should be dismissed because Petition was filed
   untimely.  (Mot. at 16.)  The Court does not address this
   argument because Petitioner's request to quash the Jones
28  Summonses is dismissed for lack of standing.

8

1  summons was had must be "strictly construed." 26 U.S.C. §

2  7609(b)(2)(A); <u>Ponsford</u>, 771 F.2d at 1309.

3

4        Petitioner concedes he received notice of these two

5  summonses by November 30, 2007.  (Pet. ¶ 4.)  His

6  Petition was not filed with this court until January 18,

7  2008, more than 20 days after Petitioner received notice

8  of the summonses.  The Court denies Petitioner's request

9  to quash the J.P. Morgan Chase Bank and November 2007

10  Washington Mutual summonses as time-barred, pursuant to

11  26 U.S.C. § 7609.

12

13  **E.   Mootness**

14        Petitioner seeks to quash the IRS summons served on

15  Washington Mutual on October 23, 2007.  (Pet. ¶ 4.)

16  Washington Mutual responded with a letter dated November

17  2, 2007, stating that they "were unable to locate any

18  records responsive to such summons." (Mot. at 23.)

19  Petitioner filed a timely Petition to Quash this summons

20  on November 5, 2007. (Mot. at 1.)

21

22        The Government correctly argues that because the

23  summons is moot, "no purpose would be served by either

24  quashing or enforcing [it]."[3]  (Mot. at 23.)  "[A] case

25  _____
        [3] The Government also attacks Petitioner's request to
26  dismiss the summons issued on J.P. Morgan Chase Bank for
    mootness. (Mot. at 23.)  The IRS withdrew the summons,
27  rendering moot Petitioner's request to quash.  (Mot. at
    22.)  This Court does not address this argument because
28                                        (continued...)

9

is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 287 (2000) (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)).  "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review.'"  <u>Davis v. Federal Election Com'n</u>, 128 S.Ct. 2759 (2008) (quoting <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997)).

Petitioner's argument for the October 23, 2007 Washington Mutual summons is moot as the "actual controversy" is "no longer 'live.'"  The summons's mootness renders Petitioner's request to quash dismissed.

## IV. CONCLUSION

For the foregoing reasons, this Court GRANTS the Motion to dismiss Petition and does not review Petition under the four-part test in <u>United States v. Powell</u>.

Dated:  <u>July 31, 2008</u>        _____
                                     VIRGINIA A. PHILLIPS
                              United States District Judge

_____

(...continued)
the request to quash the summons was dismissed for being untimely.

10